IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES F. HARDISON, #190-936<br>     Petitioner | * |
| | * |
| v. | CIVIL ACTION NO. RWT-05-1215 |
| | * |
| JAMES V. PEGUESE, WARDEN<br>     Respondent | * |

******

## MEMORANDUM

James F. Hardison, a State prisoner confined at the Maryland House of Correction in Jessup, Maryland, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, contending that his convictions and sentences for second degree murder and related offenses, imposed by the Circuit Court for Baltimore City in 1988, are invalid. Paper No. 1.

The Petition is properly construed as an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254, as Hardison challenges the validity of his state court convictions. For the reasons set out herein, the court concludes that the pending application for habeas corpus relief must be dismissed without prejudice.

On September 29, 2004, Petitioner filed his first federal habeas corpus application concerning his 1988 convictions. See Hardison v. Williams, et al., Civil Action No. RWT-04-3110 (D. Md. 2004). On December 14, 2004, the Petition was denied and dismissed as time barred. Id. Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3); Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). The pending application is beyond doubt second or successive.

Before this court may consider the pending Petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A);[1] see In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). It does not appear that Petitioner has complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims. A separate Order shall be entered reflecting the ruling set out herein.

    5/11/05          /s/    
Date      ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."